## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Juan and Frida Hernandez, individually and on behalf of all similarly situated persons, | |
| **PLAINTIFFS**, | Civil Action No.: |
| v. | _____ |
| CME CONSULTING LLC AND OM SHEE SHIVSHAKTI HOSPITALITY USA, LLC collectively d/b/a COMFORT SUITES OF MILLEDGEVILLE, and individual defendants Chirag Thakkar and Manoj Patel. | **JURY TRIAL DEMANDED** |
| **DEFENDANTS**. | |

## COMPLAINT

Plaintiffs Juan and Frida Hernandez ("Plaintiffs or "Mr. and Ms. Hernandez"),

by and through the undersigned attorneys, brings this collective action against

corporate Defendants (1) CME Consulting LLC and ("CME"), (2) OM Shee

Shivshakti Hospitality USA, LLC ("OM Shee") collectively d/b/a as Comfort Suites

of Milledgeville ("Comfort Suites" or collectively  "Corporate Defendants"), and

individual defendants (1) Chirag Thakkar ("Thakkar" or "ID-1"), and (2) Manoj

Patel ("Patel" or "ID-2" collectively "Individual Defendants") for failure to pay

Plaintiffs and all similarly situated persons minimum wage as required by the Fair

Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week.  Plaintiffs shows the Court as follows:

<u>**NATURE AND PURPOSE**</u>

1.      Plaintiffs allege on behalf of themselves and other current and former non-exempt employees who worked for Corporate Defendant as associates within the statutory period and who choose to opt into this action pursuant to the FLSA, 29 U.S.C § 216(b) (the "Collective Action"), that Plaintiffs and the persons who opt into this Collective Action were not paid for all the hours they worked and are, *inter alia*, entitled to unpaid federal minimum wage, unpaid overtime wages for time they worked in excess of 40 hours per week and that both the Corporate and Individual Defendants failed to pay them at one-and-a-half their regular rate, liquidated damages, interest, and attorneys' fees and costs.  Specifically, Plaintiffs seek to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

2.      Plaintiffs' Consent to Join is attached hereto as Exhibit A and Exhibit B.

## **PARTIES**

3.      Plaintiffs are residents of the state of Georgia, and they submit themself

to the jurisdiction of the Court.

4.      Corporate Defendants are both for-profit Georgia corporations.

5.      CME's Principal office address is:

> 4940 Smokestone Drive
> Douglasville, GA, 30135, USA

6.      CME may be served with process through its Registered Agent as

follows:

> Chirag Thakkar
> 4940 Smokestone Drive
> Douglasville, GA, 30135

7.      OM SHREE's Principal office address is:

> 2621 North Columbia St
> Milledgeville, GA, 31061

8.      OM SHREE may be served with process through its Registered Agent

as follows:

> Manoj Patel
> 2341 Hunters Green Dr NE
> Lawrenceville, GA, 30043

9.      Individual Defendant Manoj Patel may be served at:

2341 Hunters Green Dr NE
Lawrenceville, GA, 30043

10.    Individual Defendant Chirag Thakkar may be served at:

4940 Smokestone Drive
Douglasville, GA, 30135

11.    At all relevant times, both Corporate Defendants have been, and continue to be, an "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq.*

12.    At all relevant times, Corporate Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

13.    On information and belief, at all relevant times, both Corporate Defendants have had an annual gross volume of sales or business done in excess of $500,000.

14.    At all relevant times, both Corporate Defendants have had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

4

15.    At all relevant times, both Corporate Defendants were an "employer" of Plaintiffs and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

16.    Corporate Defendants are governed by and subject to 29 U.S.C. § 206 and 29 U.S.C. § 207.

17.    Upon information and belief, Thakkar owns and operates CME. Thakkar acts directly or indirectly on behalf of CME and exercises day-to-day control over the operations and pay practices of CME.  Thakkar is an employer within the meaning of the FLSA.

18.    Patel owns and operates OM Shee.  Patel acts directly or indirectly on behalf of OM Shee and exercises day-to-day control over the operations and pay practices of OM Shee.  Patel is an employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

19.    This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1343.

20.    Pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) and Local Rule 3.1(B)(3), venue is proper because the unlawful employment practices giving rise to the Plaintiff's claims occurred in this judicial district and division.

# FACTUAL ALLEGATIONS

21.    At all times material to this Complaint, Corporate Defendants were joint employers.  In effect, they each had control over Plaintiffs' employment and the terms and conditions of their jobs.

22.    Upon information and belief, both Corporate Defendants had authority to exercise control over the terms and conditions of Plaintiffs' employment, specifically but not limited to their job assignments, their hours, their pay, their benefits, their promotional opportunities, and each had the ability to hire and fire them.

23.    Plaintiff alleges violations of the FLSA in that (1) they were not paid for all time worked, (2) they were not paid overtime for work performed in excess of 40 hours in a single work week during parts of her employment, and alleges that these violations of the FLSA occurred throughout Georgia and their workplace at Comfort Suites in Milledgeville, GA within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

24.    Plaintiffs were employed by Corporate Defendants starting February 27, 2022 as a maintenance technician and a front office employee.

25.    Mr. Hernandez was hired as head of maintenance and landscaping, Ms. Hernandez was hired as a receptionist. Specifically, their job duties include, but are

6

not limited to, trimming bushes, cutting grass, any maintenance work in the hotel including fixing toilets, flooring, patching walls, fixing sliding doors for closets, fixing AC units, doing laundry, housekeeping, take in reservations from online bookings, check in "walk-in" guests, take reservations over the phone, maintaining records and paperwork.

26.     Plaintiffs' were hired with an hourly pay of $10.00 per hour, and overtime rate of $15.00 per hour.

27.     Additionally, Mr. Hernandez may have been contracted to even further additional tasks for fixed pay as if he were an independent contractor.

28.     Ms. Hernandez worked an average of ten (10) hours a day during the course of their employment six (6) days a week.

29.     Mr. Hernandez worked an average of approximately 52 hours a week.

30.     All of Plaintiff's hours were turned into her General Manager Antwon Stephens.

31.     As of this filing, Ms. Hernandez has worked approximately 124 hours, and she has not been paid any money at all for her work.

32.     As of this filing, Mr. Hernandez has worked approximately 209.3 hours and he been paid a total of $1,504.12.

33.    On March 31, 2022, Plaintiffs have filed a Formal Complaint letter demanding payment of their wages, but as of this writing they have not been paid. (See "Exhibit C")

34.    During their employment, Plaintiffs were entitled to overtime pay at a rate of 1 ½ times their Regular Rate of pay for hours in excess of 40 hours in a single work week under the FLSA.

35.    Plaintiffs were not exempt under the executive, administrative or professional exemptions of the FLSA, in part, because they were not paid on a salary basis.

36.    Defendants directly and indirectly controlled the employment relationship.

37.    Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees the minimum wage and overtime wages at a rate of one-and-one half their regular rate of pay for all time worked in excess of 40 hours per workweek.

38.    On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs violating the FLSA.

39.    Defendants' failure to pay Plaintiffs and other similarly situated employees wages at the rate required by the FLSA was willful and was not in good faith.

40.    As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated employees have been deprived of minimum wages and overtime wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs, as well as other benefits under applicable law.

## COLLECTIVE ACTION ALLEGATIONS

41.    Plaintiffs bring this action on behalf of themselves and all other similarly situated persons who were, or are, employed by Comfort Suites and were or will be paid less than the applicable federal minimum wage and/or who worked or will work in excess of 40 hours per week at any time within three years prior to the filing of this Complaint to the present (hereinafter the "FLSA Collective").

42.    Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

43.     Plaintiffs will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

44.     Plaintiffs and all members of the proposed FLSA Collective are similarly situated.  They were all employed in the same job position and were subject to substantially similar job requirements, pay provisions, and a common policy or practice that required or permitted them to perform work for the benefit and at the direction of Defendants without receiving proper wages.

45.     There are numerous similarly situated current and former associates who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiably by Defendants' records.

46.     Plaintiffs and members of the proposed FLSA Collective should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

47.     A collective action will be the most efficient mechanism for adjudicating the claims of Plaintiff and the members of the proposed FLSA Collective.

## COUNT I
## WILLFUL FAILURE TO PAY MINIMUM WAGE
## IN VIOLATION OF THE FLSA
*Plaintiffs on behalf of the FLSA Collective*

48.     Plaintiffs incorporates by reference all preceding paragraphs of the Complaint.

49.     Plaintiffs and the FLSA Collective assert this count pursuant to 29 U.S.C. § 216(b).

50.     At all relevant times, Defendants were employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

51.     At all relevant times, Defendants employed Plaintiffs and the proposed FLSA Collective, and Plaintiffs and the proposed FLSA Collective were Defendants' employees, pursuant to 29 U.S.C. §§ 203(e), 203(g).

52.     On information and belief, at all relevant times, Defendants has had an annual gross volume of sales or business done in excess of $500,000.

53.     The FLSA requires covered employers like Defendants to pay employees like Plaintiff and the proposed FLSA Collective federal minimum wage for hours worked.  *See* 29 U.S.C. § 206(a).

54.    Plaintiff and the proposed FLSA Collective's employment do not fall under any of the exemptions to the minimum wage requirements of the FLSA. *See* 29 U.S.C. § 213.

55.    At all relevant times, Defendants knew that Plaintiffs and the proposed FLSA Collective were not paid federal minimum wage for their work, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiffs and the proposed FLSA Collective the federal minimum wage. *See* 29 U.S.C. § 255.

56.    Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

57.    Defendants' willful failure and refusal to pay Plaintiffs and the proposed FLSA collective the federal minimum wage for hours worked violates the FLSA. *See* 29 U.S.C. § 206.

58.    As a direct and proximate result of these unlawful practices, Plaintiffs and the proposed FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages, pre-and post- judgment interest,

attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## WILLFUL FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FLSA
*Plaintiffs on behalf of the FLSA Collective*

59.    Plaintiffs incorporates by reference all preceding paragraphs of the Complaint.

60.    Plaintiffs and the FLSA Collective assert this count pursuant to 29 U.S.C. § 216(b).

61.    At all relevant times, Defendants were an employer engaged in commerce and/or the production of goods for commerce pursuant to 29 U.S.C. §§ 203(b), 203(s)(1).

62.    At all relevant times, Defendants employed Plaintiffs and the proposed FLSA Collective, and Plaintiffs and the proposed FLSA Collective were Defendants' employees, pursuant to 29 U.S.C. §§ 203(e), 203(g).

63.    On information and belief, at all relevant times, Defendant Comfort Suites has had an annual gross volume of sales or business done in excess of $500,000.

64.    The FLSA requires covered employers like Defendants to pay employees like Plaintiffs and the proposed FLSA Collective at a rate of one-and-

one-half their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207.

65.    Plaintiffs and the proposed FLSA Collective's employment do not fall under any of the exemptions to the maximum hour requirements of the FLSA.  *See* 29 U.S.C. § 213.

66.    Plaintiffs and the proposed FLSA Collective worked more than 40 hours per week for Defendants.

67.    At all relevant times, Defendants did not properly compensate Plaintiffs and the proposed FLSA Collective for all hours worked in excess of 40 in a workweek, as required by the FLSA.

68.    At all relevant times, Defendants knew that Plaintiffs and the proposed FLSA Collective worked overtime without proper compensation, and willfully and intentionally engaged in a widespread policy or practice of failing and refusing to pay Plaintiffs and the proposed FLSA Collective at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week.  *See* 29 U.S.C. § 255.

69.    Defendants were familiar with the requirements of the FLSA. Defendants' violations were willful because they knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

70.    Defendants' willful failure and refusal to pay Plaintiffs and the proposed FLSA collective overtime pay violates the FLSA.  *See* 29 U.S.C. § 207.

71.    As a direct and proximate result of these unlawful practices, Plaintiffs and the proposed FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover overtime pay for up to three years prior to the filing of their claims, liquidated damages, pre-and post- judgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**WHEREFORE,** Plaintiffs and all members of the FLSA Collective who join this action demand a TRIAL BY JURY and the following relief:

(a)    Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendant during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

(b)    A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

(c)    An award of unpaid wages for minimum wage and overtime pay violations due under the FLSA;

(d)     An award of liquidated damages;

(e)     An award of pre-and post- judgment interest;

(f)     An award of costs and expenses of this action, including reasonable

attorneys' and expert fees;

(g)     An award of nominal damages and

(h)     Such other relief as this Court deems just and proper.

Respectfully submitted, this 8th day of August, 2022.

*s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
THE MIXON LAW FIRM
3344 Peachtree Rd, Suite 800
Atlanta, Georgia 30326
Telephone: (770) 955-0100

**COUNSEL FOR PLAINTIFF**