IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN AND FRIDA HERNANDEZ, individually and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CME CONSULTING LLC AND OM SHEE SHIVSHAKTI HOSPITALITY USA, LLC, collectively d/b/a COMFORT SUITES OF MILLEDGEVILLE, and individual defendants CHIRAG THAKKAR AND MANOJ PATEL,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-3128-AT |

## ORDER

This case is presently before the Court on Plaintiff's Plan and Motion for Default Judgement against Defendants CME Consulting LLC and Chirag Thakkar. [Doc. 60]. For the reasons stated below, the Court hereby **GRANTS** the Motion and enters Default Judgment jointly and severally against CME Consulting LLC and Chirag Thakkar.

### I. Factual and Procedural Background

On August 8, 2022, Plaintiff Juan Hernandez and Plaintiff Frida Hernandez ("Plaintiffs") filed this Fair Labor Standards Act ("FLSA") collective action on behalf of themselves and others similarly situated, alleging that Defendants had failed to pay Plaintiffs minimum wage in violation of the Fair Labor Standards Act

of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and at a rate of one-and-one-half their regular rate of pay for all hours worked in excess of 40 hours per week. (Doc. 1).

The Court has already approved a settlement with Defendants OM Shree Shivshakti Hospitality USA, LLC, and Manoj Patel. (Doc. 59). However, Defendants CME Consulting LLC and Chirag Thakkar (the "Remaining Defendants") remain in default, having failed to appear, respond, or otherwise defend against the allegations. Plaintiffs now seek default judgment under Rule 55(b) of the Federal Rules of Civil Procedure against the Remaining Defendants for unpaid wages, liquidated damages, and attorney's fees.

## II. Legal Standard

A default under Fed. R. Civ. P. 55(a) constitutes an admission of all well-pleaded factual allegations contained in the complaint and "severely limits the defendant's ability to defend the action." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec.*, 218 F. App'x at 863. Thus, pursuant to Rule 55(b)(2), a grant of default judgment in favor of the plaintiff is warranted only if the allegations in the complaint state a substantive cause of action and there exists a sufficient basis in the pleadings for

2

the judgment entered. *Id.*; *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011); *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206. The legal standard on a motion for entry of default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). A motion for default judgment is therefore "like a reverse motion to dismiss for failure to state a claim." *Id.* (citing *Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 695 (5th Cir. 2015)).

In addition to the pleadings, a court considering a motion for default judgment may also rely on evidence such as affidavits and declarations. *Id.* An "evidentiary hearing is not a per se requirement" for a default judgment and is not needed when "all essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

Here, Plaintiff Juan Hernandez and Plaintiff Frida Hernandez previously submitted declarations outlining the hours they worked, the amounts they were paid, and the amounts they were not paid during the relevant timeframe. (Docs. 13-1, 13-2). In addition, Plaintiffs' counsel has provided evidence to support the minimal remaining attorneys' fees that Plaintiffs seek. (*See* Docs. 24-1, 24-2).

3

Accordingly, this is a rare occurrence where the evidence already in the record provides all the information the Court needs to calculate Plaintiffs' unpaid wages. *See Safari Programs, Inc. v. CollectA Int'l Ltd.*, 6868 F. App'x 737, 746 (11th Cir. 2017) (default judgment without a hearing is permitted when "the amount claimed is a liquidated sum or one capable of mathematical calculation") (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *Smyth*, 420 F.3d 1225 at n. 13.[1]

## III.  Analysis

The FLSA, which was enacted to protect the health, efficiency, and welfare of workers in the United States, requires employers to pay employees a statutory minimum hourly wage of $7.25. 29 U.S.C. § 206. An employer who violates the minimum wage requirement of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Spires v. Ben Hill County*, 980 F. 2d 683, 689 (11th Cir. 1993) ("[L]iquidated damages are mandatory absent a showing of good faith" by an employer that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA).

---

[1] The Clerk previously entered default against Defendants CME and Thakkar on 11/16/2022. (See docket entry 11/16/22).

Defendants here, having not appeared, have not shown good faith for the fairly straightforward violations of the FLSA's minimum wage and overtime requirements.

When a violation of the FLSA is shown, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("The language of the statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.") (internal quotations omitted).

In support of their Motion for Default Judgment, Plaintiffs offer declarations stating the precise amount of damages each one is entitled to based on the amount of work performed by each Plaintiff. Plaintiff Juan Hernandez states that he was employed by Defendants jointly for approximately three months. (Doc. 13-1, ¶ 2). Mr. Hernandez averred that he was promised a minimum wage of $11.00 an hour plus additional wages for completing work outside of his regular work hours. (Doc. 13-1, ¶ 5). Mr. Hernandez states that he only received four payments in the amounts of $329.10, $573.38, $103.23, and $498.41. (Doc. 13-1, ¶ 6). Mr. Hernandez states that he commonly worked around 45-60 hours a week

5

but has not received any payment for his overtime hours. (Doc. 13-1, ¶ 7) He also states that he worked 30 hours performing A/C unit repairs, 18 hours pressure washing, and 20 hours redoing the silicone lining of bathtubs for a total of 68 hours. (Doc. 13-1, ¶ 10) The agreed-upon rate for these duties was $91.00 an hour. (Doc. 13-1, ¶ 11). Mr. Hernandez states that he has not been properly compensated for performing this additional work. (Doc. 13-1, ¶ 12)

Plaintiff Frida Hernandez declared that she was employed by Defendants jointly for approximately three months. (Doc. 13-2, ¶ 4) Ms. Hernandez states that she was promised a minimum wage of $10.00 an hour but has not received any compensation for her work. (Doc. 13-2, ¶ 7). Ms. Hernandez states that she worked approximately 10 hours of overtime per week for 9 weeks. (Doc. 13-2, ¶¶ 8-9).

Based on this evidence, the Court finds that Plaintiff Juan Hernandez and Plaintiff Frida Hernandez have presented sufficient evidence that the Remaining Defendants (individually and collectively) violated the FLSA when they failed to pay Plaintiffs minimum wage for hours worked and failed to pay Plaintiffs one-and-a-half times their normal rate of pay for overtime hours. Further, Plaintiffs have provided sufficient evidence, through their declarations (*see* Docs. 13-1, 13-2) to support their damage calculations, which are outlined below:

**Plaintiff Juan Hernandez**

| Category of damages | Calculation | Amount |
|---|---|---|
| Unpaid Minimum Wages | (40 hours x 9 weeks x $11.00 per hour) | $3,960.00 |
| Unpaid Overtime Wages | (10 hours x 9 weeks x $16.50 per hour) | $1,485.00 |
| Unpaid Wage for extra work performed: | (68 hours x $91.91 per hour) | $6,250 |
| Amount received from Defendants: | ($329.10 + $573.38 + $103.23 + $498.41) | -$1,504.12 |
| | | |
| Wages owed (pre-liquidated) | | $10,190.88 |
| Liquidated Damages | | $10,190.88 |
| **TOTAL AMOUNT OWED TO MR. HERNANDEZ** | | **$20,381.76** |

**Plaintiff Frida Hernandez**:

| Unpaid Minimum Wages: | (40 hours x 9 weeks x $10.00 per hour) | $3,600.00 |
|---|---|---|
| Unpaid Overtime Wages: | (10 hours x 9 weeks x $15.00 per hour) | $1,350.00 |
| | | |
| Wages owed (pre-liquidated): | | $4,950.00 |
| Liquidated Damages | | $4,950.00 |
| **TOTAL AMOUNT OWED TO MRS. HERNANDEZ** | | **$9,900.00** |

Accordingly, the total damages amount owed to the Plaintiffs, collectively, was **$30,281.76.**

In addition to unpaid minimum wage and liquidated damages, Plaintiffs sought attorneys' fees and expenses in the amount of $15,926.60. (*See* Docs. 24-1, 24- 2). Attorney J. Stephen Mixon declares that the costs in the case include the filing fee, and numerous fees for service of process as defendants refused to waive service. As for the attorneys' fees, Plaintiff's counsel attached a record of the specific hours worked. (*See* Doc. 24-2). The Court finds that all attorneys' fees are appropriate and finds that Plaintiffs are entitled to all costs expended in prosecuting this action. Therefore, Plaintiffs were entitled to **$15,926.60** in attorney's fees and costs. Including damages and attorney's fees, Plaintiffs were entitled to **$46,208.36**.

The Court has already approved a settlement agreement between Plaintiffs and Defendants OM Shree Shivshakti Hospitality USA, LLC, and Manoj Patel. (Doc. 59). The settlement agreement provided that Defendants OM Shree and Patel would pay to the Plaintiffs $30,000 — of which $15,000 would be paid to Juan and Frida Hernandez as damages for unpaid wages and $15,000 would be paid to Plaintiffs' counsel as attorney's fees. (*See* Settlement Agreement, Doc. 58-2).

As a result, following this settlement agreement, the remaining balance of Plaintiffs' unpaid wages is $140.88, the remaining balance of Plaintiffs' liquidated damages is $15,140.88, and the remaining balance of Plaintiff's attorney's fees is $926.60, for a total of **$16,208.36**. The Court finds that the Remaining Defendants — Defendants CME and Thakkar — are liable for the remaining amounts due to the Plaintiffs. As discussed above, Plaintiffs' well-pleaded allegations, coupled with their detailed declarations, support that Defendants CME and Thakkar (joint employers of the Plaintiffs, along with Defendants Om Shree and Patel) violated the FLSA when they failed to pay Plaintiffs adequate wages and overtime in the particular amounts detailed above.

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Default Judgment. [Doc. 60]. The Clerk is **DIRECTED** to **ENTER DEFAULT JUDGMENT** in favor of Plaintiffs and against Defendants CME Consulting LLC and Chirag Thakkar in this case in the amount of **$16,208.36**.

This amount is allocated as follows:

- **$7,640.88** for Plaintiff Juan Hernandez;
- **$7,640.88** for Plaintiff Frida Hernandez; and
- **$926.60** in attorneys' fees and costs.

9

The Clerk is **DIRECTED** to serve a copy of this Order on the Remaining Defendants at the below addresses:

>CME Consulting LLC c/o Chirag Thakkar
>4940 Smokestone Drive
>Douglasville, GA, 30135

>and

>Chirag Thakkar
>4940 Smokestone Drive
>Douglasville, GA, 30135

The Clerk is further **DIRECTED** to close the case.

**IT IS SO ORDERED** this 16th day of January 2025.

_____
**Honorable Amy Totenberg**
**United States District Judge**